# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| John Doe, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | C.A. No. 2:24-6420-RMG |
| ) | |
| State of South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |

This action challenges a Proviso in the annual South Carolina Appropriations Act which prohibits a school district from allowing a transgender student from using a restroom aligned with the students' gender identity.[1] Plaintiffs assert the Proviso violates their rights under the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Education Amendments of 1972.

Significant legal developments have occurred over the last several weeks which potentially impact the legal foundation of Plaintiffs' Equal Protection and Title IX claims. The United States Supreme Court on June 18, 2025 affirmed the decision of the Sixth Circuit in *United States v. Skrmetti*, 145 S.Ct. 1816 (2025) and declined to apply a heightened level of scrutiny to the prohibition of certain medical procedures for transgender minors, reasoning that the law classified not on the basis of transgender status but "on the basis of age . . . [and] on the basis of medical use" and was thus subject only to rational basis review. *Id.* at 1829, 1833. The Supreme Court on

---

[1] The Proviso challenged when this suit was filed in in November 2024 was Proviso 1.120 of the 2024-2025 South Carolina Appropriations Act. The Court takes judicial notice of the fact that the 2025-2026 South Carolina Appropriations Act contains the identical Proviso, now titled Proviso 1.114. Once the stay is lifted, Plaintiffs can move to amend their complaint to identify the specific Proviso then in effect.

1

June 30, 2025 proceeded to vacate the Fourth Circuit's decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (*en banc*), which applied an intermediate level of scrutiny in holding that limitations on medical care for transgender persons covered by the North Carolina state employee health plan and the West Virginia Medicaid Program violated plaintiffs' rights under the Equal Protection Clause and Title IX, reasoning that "discriminating on the basis of diagnosis *is* discriminating on the basis of gender identity and sex." *Id.* at 141-42 (emphasis in original). The Supreme Court remanded the case for further review in light of *Skrmetti*. *Folwell v. Kadel*, 2025 WL 1787687 (2025). Several days later, on July 3, 2025, the United States Supreme Court granted *certiorari* in *West Virginia v. B.P.J.*, 2025 WL 1829164 (2025). The Defendants' petition for *certiorari* challenged the Fourth Circuit's decision in *B.P.J.. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024), which found that a state statute prohibiting transgender students from participating in sports of their identified gender violated their rights under the Equal Protection Clause and Title IX. The Fourth Circuit's decisions in *Kadel* and *B.P.J.* relied on a heightened level of scrutiny for transgender persons under the Fourteenth Amendment first set forth in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020), a case heavily relied upon by Plaintiffs in this action.

      The Court has pending before it a number of motions, including Defendants' motion for summary judgment (Dkt. No. 51) and Plaintiffs' renewed motion for a preliminary injunction (Dkt. No. 88). After a careful review of the recent legal developments set forth above, it is clear that the legal standards relied upon by Plaintiffs and Defendants in this action are unsettled and that a decision of the United States Supreme Court in *B.P.J.* has the potential of bringing clarity and providing guidance to this Court on both the Equal Protection and Title IX issues.

It is well settled that a district court has the inherent authority to stay a case where an issue potentially impacting the outcome of the case is presently on the docket of the United States Supreme Court. *Landis v. North America Co.*, 299 U.S. 248, 254 (1936); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished). This discretion is not unlimited, however, and any stay should be fixed within reasonable time limits to avoid a stay of indefinite duration. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Factors to consider in granting or denying a stay when a related matter is pending before the Supreme Court include the judicial economy likely to be conserved by waiting on a decision by the Supreme Court, whether the Supreme Court's decision will likely provide "definitive guidance on key legal questions," and the "hardship/prejudice to the party opposing the stay, given its duration." *Latta v. Dep't of Educ.*, 653 F.Supp.3d 435, 439 (S.D. Ohio 2023); *Int'l Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 734 (D. Md. 2018); *Benisek v. Lamone*, 266 F.Supp.3d 799, 803 (D. Md. 2017).

The Court finds that a stay pending the United States Supreme Court's decision in *B.P.J.* would likely promote judicial economy, provide critical guidance on key legal questions in this case, and be resolved by the end of the Supreme Court's 2026 term. The Court has further considered the potential hardship for Plaintiff, a transgender minor, and members of the putative class the minor Plaintiff seeks to represent, and finds, weighing all factors relevant for a stay, that a stay is the proper and just course at this time. No party, including the minor Plaintiff, is benefited from producing a potential "yo-yo" effect by a decision at this time, where any potential ruling of this Court might, in the short term, be subject to reversal or modification once the United States Supreme Court issues its order in *B.P.J.*.[2]

---

[2] The Court recognizes that the facts involved in *B.P.J.* are not identical to the facts involved in this action, but there is considerable overlap regarding the proper legal standard to be applied to

Based on the foregoing, the Court hereby stays this action until the Supreme Court enters an order on the merits in *B.P.J.* or the Supreme Court's October 2025-June 2026 term ends, whichever is sooner. If the Supreme Court enters an order in *B.P.J.* addressing the merits of the appeal during its present term, Plaintiffs and Defendants are directed to file with this Court their views regarding the impact, if any, of the *B.P.J.* decision on the issues present in this action. The parties shall make this filing within 15 days of the Supreme Court's order.[3]

**AND IT IS SO ORDERED**.

  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 8, 2025
Charleston, South Carolina

---

claims of transgender minors regarding challenges to school policies relating to bathroom access and school sports participation under the Equal Protection Clause and Title IX.

[3] All pending motions (Dkt. Nos. 51, 80, 85, 86, 87, 88, and 90) are denied without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner.