IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Doe, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | C.A. No. 2:24-6420-RMG |
| ) | |
| State of South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |

This matter comes before the Court on Plaintiffs' motion for a preliminary injunction pending appeal. (Dkt. No. 95). Defendants have filed a response in opposition, and Plaintiff has filed a reply. (Dkt. Nos. 98, 99). For the reasons set forth below, the motion is denied.

## Background

This action challenges a Proviso in the annual South Carolina Appropriations Act which prohibits a school district from allowing a transgender student to use a restroom aligned with the student's gender identity. Plaintiffs assert the Proviso violates their rights under the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Education Amendments of 1972.

By order dated July 8, 2025, the Court entered a stay of this action because "significant legal developments have occurred over the last several weeks which potentially impact the legal foundation of Plaintiffs' Equal Protection and Title IX claims." (Dkt. No. 92). The Court noted the following:

1. The United States Supreme Court on June 18, 2025 affirmed the decision of the Sixth Circuit in *United States v. Skrmetti*, 145 S.Ct. 1816 (2025) and declined to apply a

1

heightened level of scrutiny to the prohibition of certain medical procedures for transgender minors, reasoning that the law classified not on the basis of transgender status but "on the basis of age . . . [and] on the basis of medical use" and was thus subject only to rational basis review. *Id.* at 1829, 1833. *Skrmetti*'s use of a rational basis standard for a gender identity-based equal protection claim appears to conflict with the heightened level of scrutiny applied by the Fourth Circuit in a key case relied upon by Plaintiff, *Grimm v. Gloucester County Board of Education*, 972 F.3d 586, 609 (4th Cir. 2020), leaving unsettled the proper legal standard to be applied to a challenge to the Proviso in this action.

2. The Supreme Court on June 30, 2025 vacated the Fourth Circuit's decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (*en banc*), which applied an intermediate level of scrutiny in holding that limitations on medical care for transgender persons covered by the North Carolina state employee health plan and the West Virginia Medicaid Program violated plaintiffs' rights under the Equal Protection Clause and Title IX, reasoning that "discriminating on the basis of diagnosis *is* discriminating on the basis of gender identity and sex." *Id.* at 141-42 (emphasis in original). The Supreme Court remanded the case for further review in light of *Skrmetti*. *Folwell v. Kadel*, No. 24-99, 2025 WL 1787687 (2025).

3. Several days later, on July 3, 2025, the United States Supreme Court granted *certiorari* in *West Virginia v. B.P.J.*, No. 24-43, 2025 WL 1829164 (2025). The Defendants' petition for *certiorari* challenged the Fourth Circuit's decision in *B.P.J.. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024), which found that a state statute prohibiting transgender students from participating in sports of their identified gender violated their

rights under the Equal Protection Clause and Title IX. The granting of *certiorari* in *B.P.J.*, so close in time to the Supreme Court's decisions in *Skrmetti* and *Kadel*, suggests that the Supreme Court is taking a hard look at the appropriate legal standards for transgender students under both the Equal Protection Clause and Title IX.

In light of these significant recent legal developments in the area of the rights of transgender students and the likelihood that *B.P.J.* will be decided during the Court's 2025-2026 term, this Court granted a stay of this action because of the "unsettled" nature of the law in this area and the hope and expectation that the Supreme Court will soon bring "clarity and provid[e] guidance . . . on both the Equal Protection and Title IX issues." (Dkt. No. 92 at 2). Plaintiff thereafter moved before this Court for a preliminary injunction pending appeal, arguing that the Court was bound by the Fourth Circuit's decision in *Grimm* notwithstanding the recent decisions of the United States Supreme Court which appear to draw into question the appropriate legal standard to be applied in student transgender rights claims arising under the Equal Protection Clause and Title IX. (Dkt. No. 95-1 at 17-18). Plaintiff moved before the Court for a preliminary injunction pending appeal under Rule 8(a)(1) of the Federal Rules of Appellate Practice, which provides that a plaintiff seeking a preliminary injunction pending appeal should first seek relief in the district court before seeking preliminary injunctive relief in the court of appeals.

## Legal Standard

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). Plaintiff bears the burden of showing that each factor supports his request for a preliminary injunction. *Direx Israel, Ltd. v.*

*Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). "[A]ll four requirements must be satisfied" under the *Winter* standard, and a district court need not consider all four factors if one is clearly absent.  *Henderson for National Labor Relations Board v. Bluefield Hospital Co.*, 902 F. 3d 432, 439 (4th Cir. 2018); *Real Truth About Obama v. Fed. Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009).

## Discussion

Plaintiff has the burden of making a "clear showing" of likelihood of success on the merits, a demanding standard that Plaintiff is unable to meet in light of the significant recent legal developments in the Supreme Court which have brought into question the proper legal standards to apply when addressing the rights of transgender students under the Equal Protection Clause and Title IX.  Plaintiff proposes that the Court effectively ignore these major recent decisions of the highest court of the land and apply the Fourth Circuit's heightened scrutiny standard that recent Supreme Court decisions appear to either reject or bring into question. Under these circumstances, with the law plainly unsettled and in flux, Plaintiff cannot make the "clear showing" necessary of likely success on the merits which is a threshold requirement for a preliminary injunction.

The Court has directed the parties to return to the Court once the *B.P.J.* decision has been issued by the Supreme Court or the 2025-2026 term of the Supreme Court ends, whichever is sooner, and at that time consider any dispositive motions or motions for preliminary injunctive relief.  (Dkt. No. 92 at 4). Until then, the Court continues to believe that maintaining the status quo promotes stability in the law and judicial economy and will afford the Court the opportunity to apply the anticipated guidance from the *B.P.J.* decision in the near future.

## Conclusion

Based on the foregoing, Plaintiff's motion for a preliminary injunction pending appeal (Dkt. No. 95) is **DENIED.**

**AND IT IS SO ORDERED**.

<u>s/ Richard M. Gergel</u>
Richard Mark Gergel
United States District Judge

July 23, 2025
Charleston, South Carolina