IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*,<br><br>                                  Plaintiffs,<br><br>v.<br><br>STATE OF SOUTH CAROLINA, *et al.*,<br><br>                                  Defendants. | Civil Action No. 2:24-cv-06420-RMG |

**DEFENDANTS' NOTICE OF
INTERVENING FACTUAL CHANGES**

Thomas T. Hydrick
*Solicitor General*
Joseph D. Spate
*Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
    ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov
thomashydrick@scag.gov

*Counsel for Defendants State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

Miles E. Coleman
NELSON MULLINS RILEY &
    SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

Pursuant to their duty to notify the Court of developments that could implicate its jurisdiction, counsel for Defendants respectfully submit this Notice to inform the Court of recent factual developments pertinent to this case. As explained more fully below and in the attached Declaration of Melissa Jeffcoat, a recent, intervening event—namely, Minor Plaintiff's withdrawal from in-person public school—is relevant to the Court's jurisdiction, the potential mootness of this proceeding, and the merits or demerits of the claims and defenses asserted.

### BRIEF BACKGROUND

Minor Plaintiff John Doe filed this suit challenging to the constitutionality of a state budget proviso instructing public school districts in South Carolina to designate their multi-occupancy bathrooms by sex and to permit only students of the designated sex to use those bathrooms. (ECF No. 1.)

Plaintiffs also filed a motion for preliminary injunction and a corresponding motion for class certification. (ECF Nos. 9 and 10.) After limited discovery, Defendants responded to the Complaint, the motion for preliminary injunction, and the motion for class certification. (ECF Nos. 38, 39, 51, 61, 73.) In late June 2025, Plaintiffs moved to amend their Complaint and their motion for a preliminary injunction, and, without waiting for a ruling, filed a purported new motion for a preliminary injunction. (ECF Nos. 85, 86, 88.)

Against this backdrop, the Supreme Court decided *United States v. Skrmetti*, 145 S. Ct. 1816 (2025). Not long thereafter, the Supreme Court vacated the decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (en banc), and, shortly after that, granted certiorari to review *B.P.J. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024). Each of the cases—*Skrmetti*, *Kadel*, and *B.P.J.*—involved constitutional challenges to state enactments that allegedly discriminated against transgender individuals.

2

Considering these then-recent decisions, this Court stayed this case due to "considerable overlap regarding the proper legal standard to be applied to claims of transgender minors" in "challenges to school policies relating to bathroom access and school sports participation under the Equal Protection Clause and Title IX." (ECF 92 n.2.) The Court also denied "pending" motions "without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner." (*Id*. at n.3; *see also* ECF No. 93.)

Plaintiffs appealed. They also sought an injunction pending appeal, first from this Court and then from the Fourth Circuit, arguing that the injunction was needed because Minor Plaintiff would soon be returning to in-person public school. This Court denied the motion (ECF No. 103), but the Fourth Circuit granted it (*Doe v. South Carolina*, 25-1787, Dkt. Nos. 42, 43 (4th Cir.). Defendants subsequently sought a stay of the injunction, but on September 10, 2025, the Supreme Court declined to issue a stay by a 6-3 vote. Meanwhile, briefing continued before the Fourth Circuit.

On the afternoon of October 2, 2025—the day before Defendants opening appellate brief was due—counsel for Berkeley County School District ("BCSD" or the "District") learned from the District that Minor Plaintiff had withdrawn from attendance in the District as of October 2, 2025, and had begun attending a virtual charter school. Defendants sought and received an extension of time of their appellate brief to obtain a declaration from the District to confirm and establish the relevant facts, supplement the Joint Appendix with that declaration, address the ramifications of that recent factual development in their Response Brief, and consider whether to prepare and file a suggestion that this appeal is moot. *Id.* at Dkt. Nos. 58, 59. On October 15, 2025, counsel for Minor Plaintiff notified counsel for Defendants of Minor Plaintiff's intention to

3

voluntarily dismiss the appeal because Minor Plaintiff no longer attended an in-person school. Defendants consented, a stipulated dismissal was filed on October 16 (*id.* at Dkt. 60), and the Fourth Circuit dismissed the appeal on October 17 (*id.* at Dkt. 61).

## **LEGAL STANDARD**

A notice of a new, material, factual development is appropriately filed with this Court even though the case has been stayed. Federal courts have a continuous obligation to assess their ongoing jurisdiction in a case, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005), and the fact that one federal case has been stayed pending the outcome of another does not divest the court of that obligation, *see Aldini AG v. Silvaco, Inc.*, 2022 WL 20208930, at *5 (N.D. Cal. May 17, 2022) ("When a district court stays a pending case in favor of a proceeding pending in another federal court . . . the federal system continues to exercise jurisdiction over the parties even though [the] case has been stayed."); *see also Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 486 (N.D. Tex. 2016) ("If a federal court grants a stay in favor of another federal court or for some other reason, the federal courts are not declining to exercise jurisdiction over claims properly before them." (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976)).

Furthermore, "[i]t is the duty of counsel to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (quoting *Board of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (per curiam)) (emphasis in original); *see also Fusari v. Steinberg*, 419 U.S. 379, 391 (1975) (Burger, C.J., concurring) ("This Court must rely on counsel to present issues fully and fairly, and counsel have a continuing duty to inform the Court of any development which may conceivably affect an outcome.").

4

## **A**RGUMENT

The Court should take notice of the attached declaration, which is relevant to the Court's jurisdiction, the mootness of this case, and the demerits or merits, respectively, of the claims and defenses asserted in this suit.

Courts often exercise their authority to receive supplemental material even when a case is stayed or if it is (or here, was) on appeal when:

> [1] the item added to the record establishes a fact that both parties concede to be true, [2] if supplementation of the record permits disposition of the appeal based on a pure point of law, thus making a remand appear superfluous, [3] if the item goes to the court's subject-matter jurisdiction, . . . or [4] if it would be illogical not to supplement the record given the nature of the contention at issue.

Wright & Miller, 16A *Federal Practice and Procedure* § 3956.4.

That's particularly true when, as here, the intervening factual events touch on the Court's jurisdiction or the mootness of the case. *See*, *e.g.*, *Cedar Coal Co.*, 560 F.2d at 1166 ("We think [the evidence] may be considered in ascertaining whether the cases are moot . . . . because there was no mootness question before the district court, so we are not reviewing that. Rather, we are deciding whether the cases are now moot."); *see also* George C. Harris and Xiang Li, *Supplementing the Record in the Federal Courts of Appeals: What If the Evidence You Need Is Not in the Record?*, 14 J. APP. PRAC. & PROCESS 317, 324–25 and n.29 (2013) ("[T]he court of appeals may consider the facts even though they were not a part of the district court record because it is deciding whether the case before it is moot, rather than reviewing the district court's decision.") (citations and footnotes omitted).

Minor Plaintiff's withdrawal from in-person public school, even while afforded access to opposite-sex restrooms due to the Fourth Circuit's order granting an injunction of the proviso pending appeal, is such an event. If not enrolled in an in-person public school, Minor Plaintiff is

not subject to (much less injured by) the challenged budget proviso. And, in any event, the Court lacks the ability to redress the alleged injury. Similarly, Minor Plaintiff's withdrawal from in-person public school alters Minor Plaintiff's alleged need for an injunction, which would no longer serve any practical effect now that Minor Plaintiff has withdrawn from in-person public school. The attached declaration establishes for the record that Minor Plaintiff recently withdrew from in-person public school.

This Court need not decide today the effect of Minor Plaintiff's withdrawal. Rather, the Court may maintain the stay order that is currently in place to await the Supreme Court's resolution of the appeals that implicate issues and claims similar to those raised in this proceeding. For now, the Court need only take notice and be aware of the intervening factual developments described herein and in the attached declaration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court take notice of the facts described in the attached declaration.

[Signatures on following page]

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Miles E. Coleman
    Miles E. Coleman (Fed. Bar No. 11594)
    E-Mail: miles.coleman@nelsonmullins.com
    2 W. Washington Street / Suite 400
    Greenville, SC 29601
    (864) 373-2300

*Counsel for South Carolina State Board of Education; South Carolina Dept. of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

MOORE & VAN ALLEN PLLC

    Brandon E. Gaskins (Fed. Bar No. 9507)
    E-Mail: gaskinsb@mvallaw.com
    78 Wentworth St
    Charleston, SC 29401
    (843) 579-27038

*Counsel for Berkeley County School District and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

SOUTH CAROLINA OFFICE OF THE ATTORNEY GENERAL

By: /s/ Joseph D. Spate
    Joseph D. Spate (Fed. Bar No. 13100)
    Thomas T. Hydrick (Fed. Bar No. 13322)
    E-Mail: josephspate@scag.gov
    thomashydrick@scag.gov
    1000 Assembly St.
    Columbia, SC 29201
    (803) 734-3371

*Counsel for State of South Carolina; South Carolina State Board of Education; South Carolina Dept. of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

Greenville, South Carolina
November 3, 2025